UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
ENRIQUE MOLINA LOPEZ, individually and on
behalf of all others similarly situated,

                  Plaintiff,                  **18 Civ. 5484**

       -against-

PRADO LANDSCAPE, LLC, d/b/a PRADO      **COLLECTIVE ACTION**
LANDSCAPE, and DULIO PRADO,             **COMPLAINT**

                  Defendants.
------------------------------------------------------------------------ X

Plaintiff Enrique Molina Lopez ("Lopez" or "Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of defendants Prado Landscape, LLC d/b/a Prado Landscape ("Prado Landscape") and Dulio Prado (collectively, "Defendants"), alleges:

### NATURE OF THE ACTION

1. Enrique Molina Lopez regularly worked sixty hours per workweek as a mason at Prado Landscape but was not paid overtime wages. He did not receive a wage notice at any point throughout his employment or accurate wage statements with each payment of wages.

2. Lopez brings this collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA") seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events set forth in this Complaint occurred at Prado Landscape, LLC, which is located within this District.

## THE PARTIES

**Plaintiff Enrique Molina Lopez**

5. Enrique Molina Lopez resides in Putnam County, New York.

6. Defendants employed Lopez as a mason from approximately April 15, 2009, to October 6, 2017.

7. Throughout his employment, Lopez was an employee engaged in commerce or in the production of goods for commerce.

8. Lopez is a covered employee within the meaning of the FLSA.

**Defendant Prado Landscape, LLC**

9. Defendant Prado Landscape, LLC is a New York limited liability company that owns, operates, and does business as Prado Landscape and is located at 111 Deans Corner Road, Brewster, NY 10509.

10. Prado Landscape, LLC has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Within the three years prior to the filing of this Complaint, Prado Landscape, LLC's annual gross volume of sales was in excess of $500,000.

12. Prado Landscape, LLC employed masons, such as Lopez, whose work duties included, *inter alia*, demolition and construction of stone porches, fences, and walls. Collectively, such workers are referred to in this Collective Action Complaint as the "Masons."

**Defendant Dulio Prado**

13. Defendant Dulio Prado is the owner of Prado Landscape.

14. Throughout Lopez's employment, Dulio Prado had and exercised authority over personnel decisions at Prado Landscape, including the disciplining, hiring, and firing of Masons, setting of their wages, and otherwise controlling the terms and conditions of their employment.

15. Since 2012, Prado has hired and fired Masons, including Lopez.

16. Throughout this period, Prado has determined the hourly wage rate of Masons, including Lopez's hourly wage rate.

17. Throughout this period, Prado directed and reviewed the work duties Masons at worksites on a daily basis.

18. Throughout this period, Prado set the work schedules of Masons.

19. Throughout this period, Prado interviewed potential Masons.

20. Prado is the owner and manager of Prado Landscape, LLC.

21. Prado Landscape, LLC's business address is also Prado's residential address.

22. Dulio Prado exercised sufficient control over Prado Landscape, LLC's operations to be considered Lopez's employer under the FLSA and NYLL.

**FACTUAL ALLEGATIONS**

23. From 2012 through to October 6, 2017, Defendants paid Lopez $17.00 per hour worked, including hours that Lopez worked over forty per workweek.

24. From March 1 to December 24 of each year in this period, Lopez regularly worked approximately sixty hours per workweek, ten hours per workday from Monday to Saturday.

25. Lopez did not work at Prado from December 25 through the end of February of each year of this period.

26. Except for approximately six months in 2012, from 2012 through October 6, 2017, Defendants regularly paid Lopez $1,020.00 in cash per workweek, equal to sixty hours multiplied by $17.00 per hour, without an accompanying wage statement.

27. Defendants unlawfully terminated Lopez's employment and failed to pay him any wages for his last two workweeks because he filed a Workers' Compensation action against them.

28. In the workweek of September 25 to October 1, 2017, Lopez worked ten hours per workday, from Monday to Saturday, for a total of sixty hours.

29. For this workweek, Defendants did not pay Lopez any wages.

30. In the workweek of October 2 to October 8, 2017, Lopez worked a total of forty-eight hours.

31. For this workweek, Defendants did not pay Lopez any wages.

**COLLECTIVE ACTION ALLEGATIONS**

32. Lopez brings the claims in this Complaint arising out of the FLSA on behalf of himself and all similarly situated persons who are current and former masons at Prado Landscape, LLC (*i.e.* the Masons) since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

33. The FLSA Collective consists of approximately seventeen similarly situated Masons who have been victims of Defendants' common policy and practices that have

violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages and other monies.

34. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Lopez and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, *inter alia*, paying Lopez and the FLSA Collective at their regular hourly wage rates for all hours worked over forty per workweek and failing to pay the FLSA Collective any wages on some workweeks.

35. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

36. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant monetary damage to the FLSA Collective.

37. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Prado Landscape and are readily identifiable and locatable through its records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

38. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

39. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular hourly rates for all hours worked in excess of forty per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq.*

40. Defendants have failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

41. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

42. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

43. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

44. Under the NYLL and supporting New York State Department of Labor regulations, Defendants were required to pay Plaintiff and the Masons who opt-in to this action one and one-half (1½) times their regular hourly wage rates per hour worked in excess of forty per workweek.

45. Defendants have failed to pay Plaintiff and the Masons who opt-in to this action the overtime wages to which they were entitled under the NYLL.

46. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Masons who opt-in to this action overtime wages.

47. Due to Defendants' willful violations of the NYLL, Plaintiff and the Masons who opt-in to this action are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wages)

48. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

49. Plaintiff is an employee within the meaning of the FLSA.

50. Defendants were required to pay Plaintiff and the FLSA Collective the applicable minimum wage rate for each hour that they worked.

51. Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they were entitled under the FLSA by failing to pay them any wages for hours worked on some workweeks of their employment since June 2012.

52. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs and the FLSA Collective.

53. As a result of defendants' willful violations of the FLSA, plaintiffs and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## FOURTH CLAIM
### (New York Labor Law – Unpaid Minimum Wages)

54. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

55. Defendants are employers of Plaintiff and all Masons who opt-in to this action within the meaning of the NYLL §§ 190 *et seq.*, 651(5), and 652, and supporting New York State Department of Labor ("NYDOL") Regulations.

56. Defendants failed to pay Plaintiff and all Masons who opt-in to this action the minimum wages to which they were entitled under the NYLL by failing to pay them any wages for hours worked in several workweeks of their employment since 2012.

57. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and all Masons who opt-in to this action minimum hourly wages.

58. As a result of Defendants' willful violations of the NYLL, Plaintiff and the all Masons who opt-in to this action have suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

## FIFTH CLAIM
### (New York Labor Law – Failure to Provide Annual Wage Notices)

59. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

60. Defendants failed to furnish Plaintiff and the Masons who opt-in to this action with a notice at the time of hiring and whenever their rates of pay changed, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; and anything otherwise required by law in violation of NYLL § 195(1).

61. Due to Defendants' violation of NYLL § 195(1), Plaintiff and the Masons who opt-in to this action are entitled to recover from the Defendants liquidated damages of $50.00 per workday that the violation occurred, up to a maximum of $5,000.00,

reasonable attorneys' fees and costs, and disbursements of the action, pursuant to NYLL § 198(1–b).

## SIXTH CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Statements)

62. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

63. Defendants failed to furnish Plaintiff and the Masons who opt-in to this action with a statement at the end of each pay period accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

64. Due to Defendants' violation of NYLL § 195(3), Plaintiff and the Masons who opt-in to this action are entitled to recover from the Defendants liquidated damages of $250.00 per workday, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1–d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

    a. certifying the case as a collective action for the violations of the FLSA alleged in the Complaint for the employees described herein and designating Plaintiff's attorneys as counsel for the FLSA Collective;

    b. designating the named Plaintiff as the representative of the FLSA Collective;

  c. authorizing the issuance of notice at the earliest possible time to all potential FLSA Collective members, composed of persons who were employed by Defendants as masons during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit as plaintiffs for all purposes;

  d. declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA, the NYLL, and NYDOL regulations;

  e. declaring that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

  f. declaring that Defendants' violations of the FLSA and NYLL were willful;

  g. enjoining future violations of the FLSA and NYLL by Defendants;

  h. awarding Plaintiff and the FLSA Collective damages for unpaid minimum and overtime wages;

  i. awarding Plaintiff and the FLSA Collective liquidated damages;

  j. awarding Plaintiff and the Masons who opt-in to this action statutory damages as a result of Defendants' failures to furnish wage notices and to furnish accurate wage statements with each payment of wages pursuant to the NYLL;

  k. awarding Plaintiff and the Masons who opt-in to this action pre- and post-judgment interest under NYLL;

  l. awarding Plaintiff and the FLSA Collective reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

[CONTINUED ON NEXT PAGE]

      m.    awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 18, 2018

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Gianfranco Cuadra
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com
*Attorneys for Plaintiff and the putative FLSA Collective Action*